WO                                                                                                          JWB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph M. Meza, | No. CV 06-2909-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Joseph M Meza, who is confined in the Arizona State Prison Complex - Safford Unit in Safford, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Barrie to answer Counts I and II of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $55.40. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff presents three claims for relief against (1) Maricopa County Sheriff Joseph Arpaio, (2) Maricopa County, (3) Officer Barrie, (4) Officer Hiett,[1] and (5) Correctional Health Services (CHS) related to an altercation between Plaintiff and Officer Barrie. In Count I, Plaintiff claims that on February 27, 2006 Officer Barrie transported Plaintiff from the Maricopa County Superior Court to the Towers Jail. Plaintiff further avers that he was both handcuffed and shackled during his transportation. Then, as Plaintiff took his lunch bag out of his pocket, Officer Barrie took Plaintiff's lunch bag and proceeded to throw Plaintiff against a metal door, severely breaking and cutting Plaintiff's thumb. In Count II, Plaintiff claims that because Sheriff Arpaio and Maricopa County operate the jail, and they are supervisors of the jail, they are responsible for Plaintiff's injuries. In Count III, Plaintiff avers that he was denied necessary medical care after his thumb was re-injured.

## IV. Failure to State a Claim

### A. CHS

CHS is not a proper Defendant. While Arizona places responsibility for operating county jails by law upon the sheriff, see A.R.S. §§ 11-141(A)(5), 31-101, Maricopa County is responsible for the provision of medical care to inmates. CHS is an administrative creation of the County that is not a "person" amenable to suit under § 1983. Therefore, CHS will be dismissed as an improper Defendant.

---

[1] The Court assumes that Officers Barrie and Hiett are employees of the Maricopa County Jail System.

**B. Sheriff Arpaio and Maricopa County**

Although Sheriff Arpaio and Maricopa County may properly be sued for constitutional violations, Plaintiff fails to state a claim against either. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights. Further, Plaintiff has not alleged that Arpaio directly violated her constitutional rights or that Arpaio was aware that Plaintiff's rights were being violated but failed to act. Thus, Plaintiff fails sufficiently to set forth a cause of action against Arpaio in his Complaint.

Further, a municipality may not be held liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)), cert. denied, 126 S.Ct. 2864 (2006). Plaintiff has not alleged that Maricopa County has enacted

1  or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights.
2  Thus, Plaintiff also fails to state a claim against Maricopa County.

### C. Failure to Allege Facts Supporting a Claim against Officer Hiett

In Count I, Plaintiff claims that after Officer Barrie assaulted him, Officer Hiett approached Plaintiff and asked why Officer Barrie did not take Plaintiff to the hospital. Plaintiff replied that he did not know why Officer Barrie did not transport him. Plaintiff then claims that Officer Hiett did not take Plaintiff to the hospital, but instead called Officer Barrie who transported Plaintiff back to the Towers Jail. Plaintiff was then transported to the hospital. Plaintiff apparently is claiming that Officer Hiett should have taken Plaintiff directly to the hospital. However, Plaintiff fails to state a claim against Officer Hiett.

To prevail on an Eighth Amendment claim, a plaintiff, whether a convicted inmate or pretrial detainee, must show that defendants were "deliberately indifferent" to the alleged constitutional violations. Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show that Defendants acted with "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff must show the delay in treatment was harmful. Id.

The indifference must be substantial, and the conduct must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291. Inadequate treatment due to malpractice or even gross negligence does not constitute an eighth amendment violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff does not allege that Officer Hiett knew Plaintiff needed immediate medical attention and then failed to assist him. Indeed, Plaintiff acknowledges that he was

taken back to the jail, taken to the hospital, and was given medical treatment for his thumb (Doc. # 1 at 4, 6). Consequently, the Court must dismiss Officer Hiett.

### D. Failure to Allege Facts Supporting a Civil Rights Violation in Count III

In Count III, Plaintiff avers that he was denied medical care for his broken thumb. Specifically, Plaintiff claims that he was denied physical therapy to rehabilitate his thumb. As articulated above, to state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show that Defendant acted with "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The indifference must be substantial, and the conduct must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291. Inadequate treatment due to malpractice or even gross negligence does not constitute an eighth amendment violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Further, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 117 S.Ct. 585 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Here, Plaintiff has alleged nothing more than a difference of opinion. Plaintiff acknowledges that he had surgery to repair his thumb (Doc. # 1 at 6). Yet, Plaintiff has not articulated why physical therapy was necessary or how he was harmed without it. Moreover, Plaintiff has failed to allege that a particular individual *knew* that this treatment was necessary, yet failed to provide it. For these reasons, Count III will be dismissed.

## V. Claims for Which an Answer Will be Required

At this early stage, Plaintiff states a claim for excessive force against Officer Barrie in Counts I and II of his Complaint.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $55.40.

(3) Count III and Defendants CHS, Joseph Arpaio, Maricopa County, and Officer Hiett are **dismissed** without prejudice.

(4) Defendant Barrie must answer Counts I and II.

**TERMPSREF**

1    (5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. # 1), this Order, and both summons and request for waiver forms for Defendant Barrie.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. FED. R. CIV. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)    The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 11th day of December, 2006.

Stephen M. McNamee
United States District Judge