1  **WO**

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Joseph M. Meza,

10  Plaintiff,                                    CV-06-2909-PHX-SMM (JI)

11  v.

   **ORDER**

12  Joseph M. Arpaio, et al.,

13  Defendants.

14      Before the Court is a Motion to Dismiss filed by Defendants Arpaio, Maricopa

15  County, and Barrie ("Defendants") (Dkt. 38), seeking dismissal of Count III of the First

16  Amended Complaint.

17                              **BACKGROUND**

18      Plaintiff's First Amended Complaint ("FAC") was screened and ordered served on

19  Defendants on April 16, 2007 (Dkt. 7).  Count III alleges that Defendant Barrie and John

20  Does I and II were deliberately indifferent to his medical needs.  Defendants filed a motion

21  to dismiss Count III on the grounds that Plaintiff failed to exhaust administrative remedies

22  as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Dkt. 38).

23  The Court informed Plaintiff of the nature of Defendants' motion and the evidence which the

24  Court may consider in connection with that motion (See Dkt. 40).

25                          **STANDARD OF REVIEW**

26      A motion to dismiss for failure to exhaust non-judicial remedies is a "matter in

27  abatement" that is "related" to jurisdiction, but does not fall within any of the categories of

28  reasons for dismissal specified in Rule 12(b).  Inlandboatmens Union of Pac. v. Dutra Group,

1   279 F.3d 1075, 1078 n.2 (9th Cir. 2002).   A motion to dismiss for a failure to exhaust

2   non-judicial remedies is properly considered a "non-enumerated" Rule 12(b) motion.  Ritza

3   v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (per

4   curiam).   The exhaustion requirement of 42 U.S.C. § 1997e(a) does not affect the court's

5   subject matter jurisdiction.  Rumbles v. Hill, 182 F.3d 1064, 1068 (9th Cir. 1999), overruled

6   on other grounds by Booth v. Churner, 532 U.S. 731 (2001).

7            In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court

8   may look beyond the pleadings and decide disputed issues of fact.  Ritza, 837 F.2d at 369.

9   If the district court looks beyond the pleadings to a factual record in deciding whether

10  administrative remedies have been exhausted, the court must ensure that the prisoner plaintiff

11  has fair notice of his opportunity to develop a record.  Wyatt v. Terhune, 315 F.3d 1108,

12  1120 n.14 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003),

13  (citations omitted).  Defendants have the burden of raising and proving a prisoner's failure

14  to exhaust under the PLRA, because non-exhaustion under Section 1997e(a) of the PLRA

15  creates a defense, not a pleading requirement.  Wyatt, 315 F.3d at 1119-20.  "Dismissal of

16  an action on the ground of failure to exhaust administrative remedies is not on the merits."

17  Heath v. Cleary, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983).  If the district court concludes that

18  non-judicial remedies have not been exhausted, the proper remedy is dismissal of the claim

19  without prejudice.  Wyatt, 315 F.3d at 1120.

20                                    **DISCUSSION**

21           Defendants have the burden of raising and proving the absence of exhaustion.  Wyatt,

22  315 F.3d at 1119.  The FAC states that Plaintiff submitted a request for administrative relief

23  on Count III, deliberate indifference to a serious medical need, and that he appealed his

24  request for relief to the highest level.  (FAC at 6.)  Defendants allege that this statement is

25  not consistent with the records of the Maricopa County Sheriff's Office.  (Defs.' Mot. to

26  Dismiss at 3.)  Defendants support their allegation with an affidavit by Sergeant Susan

27  Fisher.  (Id. at Ex. 1.)  Sergeant Fisher attests that her search of Plaintiff's inmate grievance

28  records turned up one grievance regarding excessive force an no grievances regarding

1  medical treatment. (Id. at ¶ 7.) Therefore Defendants have carried their burden of raising

2  the absence of exhaustion. See Wyatt, 315 F.3d at 1119.

3        Plaintiff was advised that Count III "will be dismissed without prejudice unless you

4  produce copies of his "grievances and grievance appeals or other admissible evidence

5  sufficient to show that you did exhaust all available administrative remedies." (Dkt. 40 at

6  2.) Plaintiff's response does not include copies of his grievances or grievance appeals, and

7  Plaintiff does not submit other admissible evidence of exhaustion. Plaintiff's allegation that

8  he filed "three different grievances" appears to refer to his grievance concerning excessive

9  force, and not medical treatment. (Compare Pl.'s Resp. at 5 with Defs.' Mot. to Dismiss, Ex.

10  1 at ¶7.)  Therefore Defendants have carried their burden of proving the absence of

11  exhaustion. See Wyatt, 315 F.3d at 1119. Accordingly,

12        **IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss (Dkt. 38).

13        **IT IS FURTHER ORDERED** dismissing without prejudice Count III of the First

14  Amended Complaint.

15        DATED this 14TH day of December, 2007.

16

17

18

19

20                    ROGER G. STRAND
                    United States District Judge

21

22

23

24

25

26

27

28